I concur with the majority's conclusion that plaintiff retired before his diagnosis and thereby does not qualify for § 97-61.5(b) benefits. Austin v. Continental General Tire, 141 N.C. App. 397,540 S.E.2d 824 (J. Greene, dissenting), dissenting opinion adopted,354 N.C. 344, 553 S.E.2d 680); see Abernathy v. Sandoz Chemicals,151 N.C. App. 252, 565 S.E.2d 218 (2002) (retired employees not entitled to § 97-61.5(b) benefits); Moore v. Standard Mineral Co.,122 N.C. App. 375, 469 S.E.2d 594 (1996) (§ 97-61.5(b) applies to victims of occupational disease who are thereafter removed from the industry at the directive of the Commission).
I also agree with the majority's findings that plaintiff has asbestosis, although the evidence is not conclusive on this issue. I concur with the findings of the physician, Jeffrey Garland, M.D., who performed the panel examination, that plaintiff most likely has mild asbestosis.
I dissent from the majority's remand to determine whether plaintiff is entitled to any other indemnity benefits and the award of $20,000 for permanent impairment to each lung. First, because plaintiff has not established his entitlement to the 104 weeks of benefits under §97-61.5(b), the issue is whether plaintiff is entitled to other indemnity benefits pursuant to §§ 97-29, -30, or -31. N.C. GEN. STAT. § 97-64; Clark v. ITT Grinnell Ind. Piping, 141 N.C. App. 417, 539 S.E.2d 369,review allowed and remanded on other grounds consistent with Austin,354 N.C. 572, 558 S.E.2d 867 (2001). On the issue of disability, the majority correctly notes in Conclusion of Law No. 4 that "there is no showing that plaintiff has been unable to earn wages by reason of his occupational disease." Thus, plaintiff has not established entitlement to benefits pursuant to §§ 97-29 or 97-30. Plaintiff had the opportunity to request to reopen the record to present additional evidence, however, has not chosen to request this relief. Second, plaintiff has not established impairment to his lungs to justify the $20,000 award, per lung. Dr. Proctor, plaintiff's chosen pulmonologist, testified that plaintiff had mild asbestosis, however, correctly expressed that the diagnosis of asbestosis does not equate with or necessarily require the finding of pulmonary impairment. More significantly, Dr. Proctor explained that he performed pulmonary function testing on plaintiff which was "essentially normal" with only a mild suggestion of obstructive defect and with no measurable restrictive component. Asbestosis is associated with restrictive disease and not with obstructive disease. Based on these findings, Dr. Proctor gave plaintiff a 0% impairment rating. Dr. Proctor's findings are consistent with the report of Dr. Garland who expressed that he found "no functional limitations." The remaining medical expert opinion was from radiologists who did not test, or opine on, impairment to plaintiff's lungs and indeed have not expertise in this area. Thus, there is no competent evidence to support the majority's award for permanent impairment to the lungs pursuant to § 97-31(24).
The majority's remand for further panel examinations and evaluation of impairment after the third-panel examination are not relevant to this case. As expressed above, and found by the majority, plaintiff is not entitled to § 97-61.5(b) benefits; therefore, the award of permanent benefits is not determined under § 97-61.6 proceeding after third-panel examination. Rather, this is a § 97-64 action, which allows plaintiff to establish his entitlement to §§ 97-29, -30, or -31 benefits. See Clark v. ITT Grinnell Ind. Piping, 141 N.C. App. 417,539 S.E.2d 369, review allowed and remanded on other grounds consistentwith Austin, 354 N.C. 572, 558 S.E.2d 867 (2001). Consistent with §97-61.5(b), § 97-61.6 delays final determination of benefits in cases where the 104 weeks of benefits are awarded until that 104-week period has expired. In cases like this, however, where the 104 weeks of benefits are not payable, there is no reason to delay the determination of benefits until after the third panel examination. That determination is made now consistent with §§ 97-29, -30, -31, and -64.
Further, since plaintiff's potential claim for disability under §§97-29 or 97-30 is based on damage to the same part of the body as his § 97-31(24) claim, i.e. the lungs, plaintiff is not entitled to recover both § 97-31(24) and disability benefits under §§ 97-29 or -30. Plaintiff is entitled to elect the more munificent benefit, and if he chooses to accept a § 97-29 award (assuming that one were appropriate) it would be "in lieu of all other compensation." Therefore, I dissent from the majority's remand of this action to determine "eligibility for further indemnity compensation."
Because plaintiff has failed to establish a loss of earning capacity, and he has failed to establish impairment to his lungs from the asbestosis, I would deny indemnity benefits.
 S/_______________ DIANNE C. SELLERS COMMISSIONER